UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X  ECF Case
                                                              :
BRISTOL-MYERS SQUIBB COMPANY,                                 :
                                                              :
                     Plaintiff,                               :
                                                              :
              vs.                                             :  Case No. 12-CV-5846 (PAE)
                                                              :
MATRIX LABORATORIES LIMITED, N/K/A                            :
MYLAN LABORATORIES LIMITED,                                   :
                                                              :
                     Defendant.                               :
                                                              :
------------------------------------------------------------- X

**PLAINTIFF BRISTOL-MYERS SQUIBB COMPANY'S MEMORANDUM OF LAW IN
FURTHER SUPPORT OF ITS MOTION FOR JURISDICTIONAL DISCOVERY**

**TABLE OF CONTENTS**

Page

INTRODUCTION ............................................................................................................................. 1
ARGUMENT .................................................................................................................................... 1
I.     Jurisdictional Discovery From Matrix Is Warranted. ........................................................ 1
      A.     Relevant Standard. .................................................................................................. 1
      B.     BMS's Factual Allegations Constitute A "Sufficient Start" In Establishing Personal Jurisdiction Over Matrix. ........................................................................ 3
            1.     BMS Alleges Facts Supporting General Jurisdiction. ............................... 3
            2.     BMS Alleges Facts Supporting Mere Department Theory of Jurisdiction. .................................................................................................. 4
            3.     BMS Alleges Facts Supporting Long-Arm Jurisdiction. ........................... 6
      C.     Mr. Mukundan's Declaration Does Not Conclusively Resolve Jurisdictional Issues Of Fact. ................................................................................ 7
II.    This Court Should Exercise Its Discretion To Order Jurisdictional Discovery. ................. 9
CONCLUSION ………………………………………………………………………………...10

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Allojet PLC v. Vantgage Assocs.*,
  2005 WL 612848 (S.D.N.Y. Mar. 15, 2005) ...............................................................................2, 4

*BHP Trading (UK) Ltd. v. Deep Sea Int'l Shipping Co.*,
  1991 WL 198747 (S.D.N.Y. Sept. 23, 1991) ....................................................................................2

*Fagan v. Republic of Austria*,
  2011 WL 1197677 (S.D.N.Y. Mar. 25, 2011) ..................................................................................8

*Grand River Enters. Six Nations, Ltd. v. Pryor*,
  425 F.3d 158 (2d Cir. 2005) ............................................................................................................7

*Hollenbeck v. Comeq, Inc.*,
  2007 WL 2484299 (N.D.N.Y. Aug. 28, 2007) .................................................................................2

*In Re Magnetic Audiotape Antitrust Litig.*,
  334 F.3d 204 (2d Cir. 2003) .......................................................................................................2, 5

*Iovate Health Sci., Inc. v. Masuda*,
  2009 WL 2878526 (W.D.N.Y. Sept. 2, 2009) ..................................................................................4

*Jazini v. Nissan Motor Co., Ltd.*,
  148 F.3d 181, 183 (2d Cir. 1998) ....................................................................................................6

*Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*,
  2006 WL 708470 (S.D.N.Y. Mar. 20, 2006) ................................................................................4, 5

*Schenker v. Assicurazioni Generali S.p.A., Consol.*,
  2002 WL 1560788 (S.D.N.Y. July 15, 2002) ...............................................................................7, 8

*Stratagem Dev. Corp. v. Heron Int'l N.V.*,
  153 F.R.D. 535 (S.D.N.Y. 1994) ...................................................................................................10

*Unique Indus., Inc. v. Sui & Sons Int'l Trading Corp.*,
  2007 WL 3378256 (S.D.N.Y. Nov. 9, 2007) ............................................................................ passim

*Whitaker v. Am. Telecasting, Inc.*,
  261 F.3d 196 (2d Cir. 2001) ............................................................................................................1

**STATUTES**

C.P.L.R. § 301 ..................................................................................................................................2, 3

C.P.L.R. § 302....................................................................................................................6

**INTRODUCTION**

Bristol-Myers Squibb Company ("BMS") submits this reply memorandum of law in further support of its Motion for Jurisdictional Discovery ("Jurisdictional Motion"). Although BMS believes that it has sufficiently alleged facts showing personal jurisdiction over defendant Matrix Laboratories Limited, n/k/a Mylan Laboratories Limited ("Matrix"), in the event this Court finds that BMS has not conclusively done so, or a question of jurisdictional fact remains, the Court should permit BMS limited jurisdictional discovery to more fully establish the extent of Matrix's business in New York and its contacts here. BMS has made, at a minimum, a sufficient start in establishing personal jurisdiction over Matrix by alleging: (1) specific facts about Matrix's manufacture and sale of APIs in New York; (2) its status as a "mere department" of Mylan, a corporation doing business in New York; and (3) its ongoing contractual obligations with BMS. (*See generally* BMS Opp'n Motion 6-16.) Contrary to Matrix's assertions, Mr. Mukundan's two-page declaration does not resolve the complex jurisdictional facts at issue, nor does it foreclose the possibility that additional facts relating to Matrix's business in New York could strengthen a finding of jurisdiction. This court has discretion to grant limited jurisdictional discovery to resolve outstanding jurisdictional issues, and it should exercise it.

**ARGUMENT**

**I.   Jurisdictional Discovery From Matrix Is Warranted.**

   A.   *Relevant Standard*.

Matrix's assertion that BMS "must make a prima facie showing of personal jurisdiction" to warrant jurisdictional discovery (Def. Opp'n Br. at 16) is plainly not the standard in New York. A plaintiff defeats a defendant's jurisdictional challenge by pleading facts which, if true, are sufficient to establish jurisdiction. *See Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001); *Unique Indus., Inc. v. Sui & Sons Int'l Trading Corp.*, No. 05-CV-2744, 2007

1

WL 3378256, at *2 (S.D.N.Y. Nov. 9, 2007). Jurisdictional allegations addressed in affidavits and other supporting materials are construed in the light most favorable to the plaintiff, even if the defendant refutes those allegations in its motion to dismiss. *Unique Indus., Inc.*, 2007 WL 378256, at *2.

Where an issue of jurisdictional fact remains unresolved at the pleading stage, district courts in the Second Circuit have granted jurisdictional discovery if the plaintiff has made a "sufficient start" toward establishing personal jurisdiction over the defendant. *See, e.g., Hollenbeck v. Comeq, Inc.*, No. 03-CV-0825, 2007 WL 2484299 (N.D.N.Y. Aug. 28, 2007); *Allojet PLC v. Vantgage Assocs.*, No. 04-CV-5223, 2005 WL 612848, at *7 (S.D.N.Y. Mar. 15, 2005) (permitting Allojet limited jurisdictional discovery because Allojet made a sufficient start toward establishing general jurisdiction and showed a reasonable basis for the Court to assume jurisdiction); *BHP Trading (UK) Ltd. v. Deep Sea Int'l Shipping Co.*, No. 90-CV-2231, 1991 WL 198747, at *5 (S.D.N.Y. Sept. 23, 1991) (granting jurisdictional discovery where the plaintiff had "at the very least…made a sufficient start.").

Even where a plaintiff fails to make a prima facie jurisdictional showing in its initial pleadings, a court may appropriately order discovery on the missing jurisdictional elements to corroborate a plaintiff's factual allegations. *See In Re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003) (reversing the district court's ruling and granting jurisdictional discovery because a plaintiff's averment of facts, if credited, would establish general jurisdiction); *Allojet PLC*, 2005 WL 612848, at *6 (holding that jurisdictional discovery under C.P.L.R. § 301 was appropriate because even though Allojet failed to plead facts sufficient to make a prima facie showing, "it is possible that a showing of substantial and continuous website

2

sales shipments into New York, as well as other contacts to New York, could provide the basis for a finding of general jurisdiction under [C.P.L.R.] section 301.").

> B. *BMS's Factual Allegations Constitute A "Sufficient Start" In Establishing Personal Jurisdiction Over Matrix.*

In its Jurisdictional Motion, BMS elaborated on the jurisdictional allegations asserted in its Amended Complaint and provided specific facts about the nature of Matrix's business, structure, and sales sufficient to support a finding of jurisdiction. (*See generally* BMS Opp'n Motion 6-16.) In an extreme attempt to avoid the ultimate breach of contract issue, Matrix mischaracterizes the majority of BMS's viable jurisdictional arguments as "conclusory recitations of the relevant legal standard or else rank speculation." (Def. Opp'n Br. at 17). To the contrary, BMS's factual allegations *at a minimum* constitute a "sufficient start" toward establishing personal jurisdiction over Matrix. This Court must construe each of BMS's jurisdictional allegations as true, and the Court should order limited jurisdictional discovery if it believes additional facts are needed to establish jurisdiction.

> 1. BMS Alleges Facts Supporting General Jurisdiction.

Contrary to Matrix's assertions, BMS has made a sufficient start in demonstrating that Matrix has been "doing business" in New York, and this court should grant jurisdictional discovery to corroborate and develop BMS's allegations supporting general jurisdiction under C.P.L.R. § 301. (*See* BMS Opp'n Mot. 6-9) (alleging that "Matrix's manufacture and sale of certain active pharmaceutical ingredients ("APIs") has resulted in the widespread production of popular prescription drugs throughout the United States;" that Matrix sold its products directly to New York purchasers; and that "Matrix accepted charitable assistance from BMS, a New York citizen, in order to produce atazanavir.")

3

In *Allojet*, the court granted jurisdictional discovery even where the plaintiff failed to provide *any* evidence of the extent of defendants' solicitation in New York or the percentage of sales derived from New York. *Allojet PLC*, 2005 WL 612848, at *7. Matrix's brief attempt to distinguish *Allojet* fails. Like the plaintiff in *Allojet*, BMS provided evidence to show that Matrix sold products directly into New York as well as to Mylan for final packaging and mass distribution here; Mr. Mukundan's affidavit does not directly address these assertions. (*See* BMS Opp'n Mot. 6-7; 11-13.) Though Mr. Mukundan asserts that Matrix does not sell any of its final-dose form products to New York customers, he admits that in 2012 Matrix sold its APIs both to a New York-based company and to a New Jersey company with a business address in New York. (Mukundan Decl. ¶ 4.) Like the plaintiffs in *Allojet*, BMS needs additional jurisdictional discovery to establish: (1) the extent of Matrix's sales of APIs into New York over time; (2) the extent of Mylan's New York sales of final-dose form drugs whose active ingredient is a Matrix API; and (3) the revenue derived from both of those sales. *See also Iovate Health Sci., Inc. v. Masuda*, No. 08-CV-809A, 2009 WL 2878526, at *3 (W.D.N.Y. Sept. 2, 2009) (granting jurisdictional discovery to determine the volume of sales of the defendants' products generally in New York.) This court should permit jurisdictional discovery where BMS has made a sufficient start in showing that Matrix is subject to general jurisdiction in New York.

    2.    <u>BMS Alleges Facts Supporting Mere Department Theory of Jurisdiction</u>.

Although Matrix alleges that it is an independent subsidiary of Mylan and discovery regarding the Matrix-Mylan relationship is unnecessary, jurisdictional discovery is appropriate because BMS has made at least a sufficient start to show that Mylan exerts substantial control over Matrix, and that Matrix is effectively doing business in New York as a mere department of Mylan. (*See* BMS Opp'n Mot. 10-12.) In *Pension Comm. Of Univ. of Montreal*, the court noted

4

that granting jurisdictional discovery was especially prevalent in cases where a plaintiff alleges personal jurisdiction based on a mere department theory, as the question of whether a parent's contacts with New York should be imputed to its subsidiary often requires a fact-intensive clarification of the relationship between the two parties. *See Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*, No. 05-CV-9016, 2006 WL 708470, at *6 (S.D.N.Y. Mar. 20, 2006) (holding that a court should grant jurisdictional discovery where pertinent facts bearing on the question of jurisdiction are controverted…or where a more satisfactory showing of the facts is necessary") (quotations omitted)*; see also Magnetic Audiotape*, 334 F.3d at 208 (holding that the district court prematurely granted dismissal before "allowing discovery on plaintiffs' insufficiently developed allegations regarding the relationship between [parent and subsidiary]").

In *Magnetic Audiotape*, the Second Circuit similarly noted that the mere department test is a "multi-factor test that is very fact specific," and accordingly held that limited jurisdictional discovery regarding the relationship between parent and subsidiary was warranted. *Magnetic Audiotape*, 334 F.3d at 208. In remanding the case to the district court, the *Magnetic Audiotape* court directed the district court to consider certain facts alleged and developed through discovery including: the parent's control of the subsidiary through stock ownership, the sale of a product manufactured by the foreign company through the U.S. company, and shared infrastructure and resources. *Id.*

BMS has alleged these very facts. (*See* Pl. Opp'n Mot. 10-12.) Mylan's 10K shows that Mylan owned substantially all of Matrix's stock. *Id.* BMS also explained the process by which the APIs manufactured by Matrix in India are then packaged into their final-dose form and distributed by Mylan throughout New York. *Id.* at 8. In addition, BMS highlighted portions of

5

Mylan's website and promotional materials indicating that Mylan's marketing and distribution team in the U.S. guarantees the success of Matrix's pharmaceutical product in New York and throughout the country. *Id.* at 12. Jurisdictional discovery will provide this court with a fact-intensive clarification of the Matrix-Mylan relationship by permitting BMS to discover the extent to which Mylan controls the types and quantities of APIs manufactured by Matrix, the overlap of executive personnel between the two companies, and any additional shared resources.[1] This court should grant jurisdictional discovery regarding the Matrix-Mylan relationship because BMS has already alleged facts that establish Matrix's meaningful presence in New York through its parent, Mylan.

        3.      <u>BMS Alleges Facts Supporting Long-Arm Jurisdiction</u>.

Matrix's argument that jurisdictional discovery is not warranted completely fails to acknowledge that the transaction giving rise to this lawsuit was a breach of its Agreement with BMS, a New York company. BMS has made a sufficient start in demonstrating that Matrix has been "transacting business" in New York under C.P.L.R. § 302(a)(1) by describing Matrix's ongoing contractual relationship under the Agreement with BMS, a New York citizen. (*See* BMS Opp'n Mot. 15-16.) Matrix's attempt to distinguish *Unique Industries* is unavailing. (Defs. Opp'n Br. 19.) Specifically, Matrix emphasizes that the allegedly infringing product sold to a New York customer in *Unique Industries* was the subject of the lawsuit, whereas in this case, atazanavir was never sold into New York. Matrix confuses the jurisdictional issue: the subject of this lawsuit is not the sale of atazanavir into New York; rather, the transaction

---

[1] Matrix unsuccessfully relies on *Jazini v. Nissan Motor Co., Ltd.*, a case in which a New York plaintiff sued Nissan Japan for an accident in Iran caused by a defective part manufactured in Japan, to argue that jurisdictional discovery is not warranted. 148 F.3d 181, 183 (2d Cir. 1998). Significantly, the Nissan vehicle at issue in *Jazini* was neither distributed nor marketed anywhere in the U.S., let alone through Nissan's New York subsidiary. In the instant case, Matrix effectively does business in New York by selling its APIs to Mylan, which then markets and distributes them in final-dose form throughout New York.

6

conferring jurisdiction in this case is Matrix's breach of the Agreement it negotiated and entered into with BMS, a New York citizen.

Regardless, the court in *Unique Industries* explained that even where there "serious questions about whether Plaintiff has made out a prima facie case for personal jurisdiction," the transaction between defendant and a New York customer was "certainly a 'sufficient start toward establishing jurisdiction,'" and jurisdictional discovery was therefore warranted. *Id.*; *see Grand River Enters. Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 166 (2d Cir. 2005) (citing *Parke-Bernet Galleries, Inc. v. Franklyn*, 256 N.E.2d 506 (1970) to explain that section 302 requires "but one transaction – albeit a purposeful transaction – to confer jurisdiction in New York.")  This court should similarly find that jurisdictional discovery is warranted where BMS has made a sufficient start toward establishing jurisdiction.

      C.     Mr. Mukundan's Declaration Does Not Conclusively Resolve Jurisdictional Issues Of Fact.

Though BMS has, at a minimum, made a sufficient start toward a finding of personal jurisdiction, Matrix nevertheless argues that this Court should not grant jurisdictional discovery and should dismiss BMS's Amended Complaint because Mr. Mukundan's testimony rejects some of the factual allegations asserted by BMS.  (Def. Opp'n Br. 19-20.)  However, a court may grant jurisdictional discovery even where the defendant attempts to rebut some of plaintiff's jurisdictional arguments.  *See Unique Indus., Inc.*, 2007 WL 378256, at *2 (emphasizing that "doubts are resolved in the plaintiff's favor, notwithstanding a controverting presentation by the moving party.").  Dismissal is only proper where, as even Matrix acknowledges, a defendant rebuts "unsupported allegations with *direct, highly specific*, testimonial evidence regarding a fact essential to jurisdiction – and plaintiffs do not counter that evidence."  *See Schenker v. Assicurazioni Generali S.p.A., Consol.*, No. 98 Civ. 9186, 2002 WL 1560788, at *3 (S.D.N.Y.

7

July 15, 2002).[2]  Not only does Mr. Mukundan's sparse declaration fail to provide either direct or highly specific evidence to resolve all jurisdictional facts in this case, but BMS has also asserted facts that call into question parts of Mr. Mukundan's testimony.

Matrix mistakenly relies on *Fagan v. Republic of Austria* to argue that Mr. Mukundan's declaration testimony conclusively settles the complex jurisdictional questions at issue, and that this court should accordingly deny jurisdictional discovery.  (Matrix Opp'n Br. 19-20.)  In *Fagan*, plaintiffs' primary jurisdictional allegation was that the Austrian defendant maintained offices and/or agents in New York through which it conducted its business.  *Fagan v. Republic of Austria*, No. 08-CV-6715, 2011 WL 1197677, at *14 (S.D.N.Y. Mar. 25, 2011).  A fact declaration by the Austrian defendant clarified that this was simply not true.  *Id*.  The *Fagan* plaintiffs also alleged in vague terms that the Austrian defendant "otherwise does business" within New York by "maintain[ing] an interactive website…through which it has thrust itself into N.Y."  *Id.*  In holding that jurisdictional discovery was not warranted, the *Fagan* court emphasized that plaintiffs failed to make *any other factual proffers* other than the sparse allegations mentioned above.  *Id*.  By comparison, BMS's jurisdictional allegations are more comprehensive.  (*See supra* Part B; *see generally*, BMS Opp'n Mot. 6-16).  More critically, unlike the defendant in *Fagan* whose indirect business in New York was entirely via orders on its global website, Matrix reached directly into New York by negotiating and executing the contract that is the subject of this lawsuit under New York law with a New York citizen.

In addition, Mr. Mukundan's declaration raises more jurisdictional questions than answers.  First, Mr. Mukundan asserts that Matrix does not "actively solicit business in New

---

[2] In *Schenker*, the foreign parent that plaintiff wished to sue submitted an affidavit stating that it did not own any U.S. subsidiaries at the time the complaint was filed.  Because plaintiff failed to allege any facts as to the other "mere department" factors, the court declined to permit jurisdictional discovery.  *Schenker v. Assicurazioni Generali S.p.A., Consol.*, No. 98 Civ. 9186, 2002 WL 1560788, at *8 (S.D.N.Y. July 15, 2002).

York" (Mukundan Decl. at ¶ 3), yet Matrix clearly engaged with BMS, a New York citizen, to negotiate the immunity agreement at issue in this suit. Discovery might reveal additional business contacts in New York that, though perhaps not "actively solicited" by Matrix, nevertheless maintained systematic and continuous contact with the Indian company. Second, Mr. Mukundan admits that, in 2012, Matrix sold its APIs to a New York-based company and to a New Jersey company with a New York business address. (Mukundan Decl. at ¶ 4.) A history of similar sales to New York could bolster BMS's general jurisdiction argument. And although Mr. Mukundan asserts that Matrix "has no involvement in the determination of the customers to which these third parties choose to sell the finished products," Matrix cannot seriously claim it was ignorant to the certainty that its pharmaceutical products were purchased for distribution in New York, one of the largest markets in the U.S. Finally, Mr. Mukundan's assertion that Matrix's New York sales "comprise only a small portion of its annual revenue" (Mukundan Decl. at ¶ 5) belies what may, for a billion-dollar global company, nevertheless constitute millions of dollars of sales in New York. Additional discovery to quantify these sales can prove that Matrix has earned substantial revenue in New York for purposes of jurisdiction.

Simply put, BMS's allegations are neither conclusory nor premised solely on information or belief. BMS has submitted press releases, financial statements, and correspondence between BMS and Matrix to evidence Matrix's business in New York both independently and through its parent company, Mylan. As described more fully above, BMS has at least made a sufficient start toward a finding of personal jurisdiction. The brief statements offered by Mr. Mukundan in his declaration do not conclusively foreclose any of those arguments.

## II. This Court Should Exercise Its Discretion To Order Jurisdictional Discovery.

This Court has discretion to grant jurisdictional discovery, and it should do so. District courts in the Second Circuit routinely emphasize that jurisdictional discovery is an appropriate

9

mechanism within the trial court's discretion to resolve issues of jurisdictional fact where the plaintiff has made a "sufficient start" in establishing jurisdiction. *See Unique Indus., Inc.*, 2007 WL 3378256 at *6; *Stratagem Dev. Corp. v. Heron Int'l N.V.*, 153 F.R.D. 535, 547-48 (S.D.N.Y. 1994) ("the Court has discretion to order further discovery on the jurisdictional issue, provided that the plaintiff[] make[s] a threshold showing of jurisdiction and establishes that [its] position is not frivolous."). BMS has undoubtedly made a sufficient start in alleging specific facts regarding Matrix's contacts and business in New York that support a finding of personal jurisdiction. Because BMS's claims are neither frivolous nor conclusory, this Court should exercise its discretion and order limited jurisdictional discovery.

## CONCLUSION

BMS respectfully requests that should this Court be inclined to grant Defendant Matrix's Motion to Dismiss for lack of personal jurisdiction, this Court defer that decision until BMS is permitted to take limited jurisdictional discovery.

Dated:   New York, New York
         July 8, 2013

                                    MAYER BROWN LLP

                                    By:    /s/ Henninger S. Bullock
                                        Richard A. Spehr
                                        Henninger S. Bullock
                                        Lisa R. Plush
                                        1675 Broadway
                                        New York, New York  10019
                                        (212) 506-2500
                                        rspehr@mayerbrown.com
                                        hbullock@mayerbrown.com
                                        lplush@mayerbrown.com

                                        *Attorneys for Plaintiff Bristol-Myers Squibb Company*